UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOHAMED JUMALE,

                                    Petitioner,

v.                                                          Case # 19-CV-1229-FPG

                                                                    DECISION AND ORDER

WILLIAM P. BARR, et al.,

                                    Respondents.

## INTRODUCTION

On September 12, 2019, Petitioner Mohamed Jumale, a lawful permanent resident currently detained at the Buffalo Federal Detention Facility, brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his unconditional release. ECF No. 1. Petitioner claims his due process rights compel immediate and unconditional release because an Immigration Judge (IJ) found him not deportable since a prior conviction undergirding his deportation is not final. *Id.* The Government subsequently appealed the IJ's finding to the Board of Immigration Appeals (BIA). *Id.*

The next day—September 13, 2019—Petitioner simultaneously filed motions for a preliminary injunction and expedited hearing. ECF Nos. 3, 5. The preliminary injunction motion seeks identical relief on identical grounds.

On September 26, 2019, Respondents responded by moving to stay the case. ECF No. 9. Petitioner countered Respondents' Motion on October 3, 2019, and Respondents replied and moved to dismiss the Petition on October 8, 2019. ECF Nos. 12, 13.

Although both parties have moved for various forms of relief, the Court rules only on Petitioner's Motions for a Preliminary Injunction and to Expedite and Respondent's Motion to Stay. For the following reasons, those Motions are DENIED.

## DISCUSSION

### I. Motion to Stay

Respondents move to stay this litigation because Petitioner is intentionally delaying the progress of his state-level appeal of his conviction and the Government's appeal of the IJ's removability finding.

Generally, a district court will grant a motion to stay if the movant meets her burden by satisfying several factors. *Saget v. Trump*, 345 F. Supp. 3d 287, 304 (E.D.N.Y. 2018). In the context of petitions for writs of habeas corpus, petitioners—not respondents—typically move to stay; they often move to stay the case so that they may exhaust claims raised in their petitions or, in immigration cases, to stay removal. *See*, *e.g.*, *Ryan v. Gonzalez*, 568 U.S. 57, 73-77 (2013); *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011). In the Court's review of the relevant case law, it could find no case where a respondent moved to stay in a context similar to this case.

Respondents, who bear the burden here, do establish that district courts have the "inherent power" to stay litigations surrounding a habeas petition. ECF No. 9-1 at 4-5 (citing *Carter v. Bradshaw*, 583 F. Supp. 2d 872, 882 (N.D. Ohio 2008)). But the *Carter* court analyzed whether to stay the case based on its finding that the petitioner was mentally incompetent. *Carter*, 583 F. Supp. 2d at 882.

More importantly, *Carter* has an extensive appellate history on the very issue for which Respondents hold it out: district courts' ability to grant stays in federal habeas proceedings. In the

*Ryan* decision, the Supreme Court weighed *Carter* and another, similar case appealed from the Court of Appeals for the Ninth Circuit. 568 U.S. at 60-64. Regarding the stay granted in *Carter*, the Supreme Court found the district court's stay inappropriate based in part on a stay's propensity to frustrate timely review of a petition. *Id.* at 75-77. In other words, *Ryan* advocates *against* granting stays for federal habeas claims, not for them. Granted, *Ryan* analyzes stays in the context of habeas petitions it concluded were designed to delay a petitioner's execution, which varies vastly from the issues before this Court. *Id.* at 76. *Ryan* demonstrates, however, that Respondents were required to do more to meet their burden here.

They did not do so. There is no case law before this Court to support the relief Respondents seek, and the Court finds that the record before it does not warrant a stay. Respondents' Motion is therefore denied.

## II. Motions for a Preliminary Injunction and to Expedite

Petitioner moves for a preliminary injunction and to expedite the Court's consideration of the Motion. In support, Petitioner argues that (1) the IJ found he was not removable, (2) there are no other avenues leading to release available to him, and (3) the Court should therefore release him unconditionally. ECF No. 3-1 at 5-7.

To secure a preliminary injunction, a movant must show he will suffer "irreparable harm" without the preliminary injunction and either (1) "a likelihood of success on the merits" or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019) (citation and quotation marks omitted). Establishing irreparable harm is "the single most important prerequisite" for a preliminary injunction. *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). It is established only when the

movant shows the harm is "actual and imminent" and neither "remote [n]or speculative" nor a harm that can be remedied with monetary damages or later in the litigation. *Id.* (citation and quotation marks omitted).

Here, Petitioner has not demonstrated irreparable harm for two reasons. First, contrary to Petitioner's arguments, the IJ's ruling is not final. The Immigration Court procedural rules hold that an IJ's decision is not final if it is certified to the BIA. 8 C.F.R. § 1003.39. Consequently, since the Government appealed the IJ's decision to the BIA, the IJ's decision is not and cannot be final until the appeals process concludes. *Hurtado-Ruiz v. Holder*, No. 10-CV-0554-PHX-PGR (MHB), 2011 WL 671746, at *2 (D. Ariz. Feb. 16, 2011) ("Because the government's appeal is still pending, Petitioner is not subject to a final removal order.").

Second, various courts have held that continued detention due to administrative delay does not constitute irreparable harm. *See*, *e.g.*, *Torres v. Decker*, No. 18-CV-10026 (VEC), 2018 WL 6649609, at *4 n.4 (S.D.N.Y. Dec. 19, 2018) ("Contrary to Petitioner's suggestion . . . the fact that it may take several months for the BIA to process Petitioner's bond appeal is not enough to establish irreparable harm . . . .").

Consequently, Petitioner has not met his burden of demonstrating he is suffering irreparable harm. His Motions are therefore DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motions for a Preliminary Injunction and to Expedite, ECF Nos. 3, 5, and Respondent's Motion to Stay, ECF No. 9, are DENIED.

IT IS SO ORDERED.

Dated: October 28, 2019
       Rochester, New York

                                         HON. FRANK P. GERACI, JR.
                                         Chief Judge
                                         United States District Court